**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 90058)
William A. Baird, Esq. (SBN 192675)
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081
ssaltzman@marlinsaltzman.com
tbaird@marlinsaltzman.com

**JAMES HAWKINS, APLC**
James R. Hawkins, Esq. (SBN 192925)
Gregory E. Mauro, Esq. (SBN 222239)
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
James@jameshawkinsaplc.com
Greg@jameshawkinsaplc.com

Attorneys for Plaintiff ROSS MITCHELL, individually,
and on behalf of all other similarly situated individuals

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS MITCHELL, individually, and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Corporation; and DOES 1 to 10, inclusive,<br><br>                Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO MAKE PROPER DISCLOSURES, 15 U.S.C. § 1681B, ET SEQ.;**<br><br>2. **VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO OBTAIN PROPER AUTHORIZATION, 15 U.S.C. § 1681B, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF, ROSS MITCHELL, on behalf of himself, individually, and all others similarly situated, brings this Complaint (hereinafter "complaint") against Defendant, Home Depot, U.S.A., INC., and DOES 1 to 10, inclusive (hereinafter collectively referred to as "Defendants"), and for causes of action against them, allege and complain on information and belief as follows:

## I.   INTRODUCTION

1. Defendant HOME DEPOT U.S.A., INC. ("Defendant") is a Corporation and at all relevant times mentioned herein conducted, and continues to conduct, substantial and regular business throughout California and within the County of Sonoma.

2. Defendant is a private retailer.

3. Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action, such as termination, reduction of hours, change in position, failure to hire, and failure to promote.

4. The Fair Credit Reporting Act, "FCRA" 15 U.S.C. §1681b, makes it presumptively unlawful to obtain and use a "consumer report" for an employment purpose. Such use becomes lawful if and only if the "user" – in this case "Defendant"– has complied with the statute's strict disclosure and authorization requirements. 15 U.S.C. §1681b(b)(2).

5. Defendant willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's rights and the rights of other putative class members.

6. Defendant violated 15 U.S.C. §1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, Defendant is required to disclose to its applicants and employees – in a document that consists solely of the disclosure – that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. *Id.* Defendant willfully violated this requirement by failing to provide Plaintiff with a copy of a document that consists solely of the disclosure that it may obtain a consumer report on him for employment purposes, prior to obtaining a copy of his

consumer report.

7. Defendant also violated 15 U.S.C. §1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

8. Based on the foregoing violations, Plaintiff asserts FCRA claims against Defendant on behalf of himself and class consisting of Defendant's employees and prospective employees.

9. Furthermore, one of the key protections the FCRA provides consumers in the employment context the requirement that employers—before they use a consumer report background check to make an adverse employment decision—provide consumers with a copy of the report and a written summary of their FCRA rights.

10. Plaintiff applied, was hired, and performed work for Defendant as an hourly employee at Defendant's Home Depot Store located in Santa Rosa, California.

11. During the application process Plaintiff filled out Defendant's standard application form permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience. However, the form, as set forth above and below did not comply with the FCRA.

12. Plaintiff now brings this Class Action on behalf of himself and a nationwide class, defined as: "all individuals for whom a consumer report was procured by Defendant for employment purposes during the period beginning five years prior to the filing of this complaint and ending on the date as determined by the Court." (the "Proposed Class")

## II.   JURISDICTION AND VENUE

13. The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681 of the Fair Credit Reporting Act 15 U.S.C. §1681 *et seq.* ("FCRA").

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (d) because Defendant is subject to personal jurisdiction in this district, maintains stores in this district, and actions at issue took place in this district.

/ / /

/ / /

/ / /

### III. THE PARTIES

#### A. PLAINTIFF

15. Plaintiff applied to work for Defendant in Santa Rosa, California, located in the County of Sonoma, California and eventually was hired to work as an hourly employee.

16. During that process, Plaintiff completed Defendant's standard application form including an authorization to obtain a background check in July of 2014.

17. Some point thereafter, upon information and belief, Defendant secured a consumer report with respect to Plaintiff.

#### B. DEFENDANT

18. Defendant is a Corporation. At all times relevant herein, Defendant conducted and continues to conduct business throughout the State of California including hiring employees such as Plaintiff in the County of Sonoma and city of Santa Rosa.

19. Defendant is a private retailer with Stores throughout the state and across the United States.

20. Defendant issues, and during the relevant period issued, payroll checks to Plaintiff and all other persons similarly situated.

21. With respect to the events at issue in this case, Defendant acted as the employer of Plaintiff and all other persons similarly situated. As the employer, Defendant is liable for the violations of law described in this Complaint.

22. Plaintiff is ignorant of the true name, capacity, relationship and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 10, but are informed and believe and thereon allege that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these Defendants by such fictitious names. Plaintiff will amend this compliant to allege their true names and capacities when ascertained.

23. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, and/or carried out a joint scheme, business plan or policy in all respects pertinent hereto, and/or the acts of each Defendant are legally attributable to the other Defendant.

## IV. NATURE OF THE ACTION

24. 15 U.S.C. §1681 of the Fair Credit Reporting Act ("FCRA") provides individuals with a number of rights. Specifically, pertaining to employment-related background checks referred to as "consumer reports", the FCRA provides that a prospective employee must give valid consent to the background check. The FCRA requires a signed authorization and disclosure from the applicant, sometimes referred to as a "consent" form.

25. The authorization and disclosure form must be executed and signed by the applicant prior to an employer requesting or conducting a background check. Importantly, no extraneous information can be attached or included on the consent form. The authorization and disclosure must stand-alone. Here, Defendant included extraneous information including, but not limited to, a release of liability.

26. In violation of 15 U.S.C. § 1681 b(b)(2)(A)(i), Defendant has unlawfully inserted liability release provisions into its standard application form purporting to grant Defendant the authority to obtain and use consumer report information for employment purposes for Plaintiff and all Proposed Class Members.

27. The FCRA prohibits this practice and requires that forms granting the authority to access and use consumer report information for employment purposes be stand-alone forms, and not include any additional information or agreements. Defendant's decision to include liability release provisions in its standard application form is contrary to the plain language of the statute and unambiguous regulatory guidance from the Federal Trade Commission ("FTC").

28. In violation of 15 U.S.C.§ 1681b(b)(2)(A)(ii), Defendant has obtained consumer reports regarding Plaintiff and all Proposed Class Members without proper authorization because the authorization and disclosure forms failed to comply with the requirements of the FCRA.

29. The inclusion of the liability waiver in Defendant's standard application form invalidates the purported consent and also triggers statutory damages under the FCRA in the amount of up to $1,000 for each applicant that Defendant obtained a consumer report without a facially valid, executed authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

30. In addition, Defendant's failure to secure signed disclosure and authorization forms invalidates the purported consent and also triggers statutory damages under the FCRA in the amount of up to $1,000 for each applicant that Defendant obtained a consumer report without a facially valid, executed authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

## V. FACTUAL ALLEGATIONS

31. Defendant conducts background checks on many of its job applicants as part of a standard screening process. In addition, Defendant also conducts background checks on existing employees from time-to-time during the course of their employment.

32. Defendant does not perform these background checks in-house. Rather, Defendant relies on an outside consumer reporting firm to obtain this information and report it to the Defendant. These reports constitute "consumer reports" for purposes of the FCRA.

33. Plaintiff applied to work for Defendant. Plaintiff filled out Defendant's standard application form permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience.

34. Defendant's standard application form states: "I hereby authorize Home Depot, upon execution of this consent form, to investigate the information contained in my employment application and any other background information (which may include but is not limited to my creditworthiness, credit standing, credit capacity, criminal background, driving background, character, general reputation, personal characteristics, and mode of living), for the purpose of obtaining information relevant to my qualifications for employment, and unless prohibited by applicable law, my continued employment, retention, promotion, demotion, or any other employment purpose. I understand and agree that Home Depot or an outside consumer reporting agency may secure a consumer report or an investigative consumer report, as defined in the federal Fair Credit Reporting Act and any applicable state or local laws, from an outside consumer reporting agency. I have reviewed and understand the State Law Notices in the Disclosure section." The authorization continues on to a second page which purports to release Defendant for all claims stemming from Defendant's authorization.

35. As such, Defendant does not use a stand-alone disclosure or authorization form to obtain applicant's consent to obtain consumer reports.

36. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or causes to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii).

37. Although the disclosure required by clause (i) and the authorization required by clause (ii) above may be combined in a single document, the form may not include any extraneous information. Further, the FTC has also specifically warned that the inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. §§ 168lb(b)(2)(A), which requires that a disclosure consist solely of the disclosure that a consumer report may be obtained for employment purposes.

38. Using a FCRA disclosure that is not "stand alone" violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the Federal Trade Commission ("FTC"). *Jones v Halstead Mgmt. Co.*, LLC, 81 F. Supp. 3d 324, 333 (S.D.N.Y 2015)(disclosure not "stand alone" when it contains extraneous information such as state specific disclosures); *Moore v. Rite Aid Hdqtrs. Corp.*, 2015 U.S. Dist. LEXIS, at *35 (E.D. Pa. May 29, 2015)("The text of the statute and available agency guidance demonstrate that the inclusion of information on the form apart from the disclosure and related authorization violates §1681b(b)(2)(a).")

39. Defendants' failure to provide a clear and conspicuous disclosure, in a document that consists solely of the disclosure, deprived Plaintiff and others similarly situated of the right to information and the right to privacy guaranteed by 15 U.S.C. section 1681 b(n)(2)(A)(i)-(ii).

40. Moreover, Defendant's inclusion of a liability release provision in Defendant's

standard application form permitting Defendant to obtain a consumer report verifying an applicant's background and experience violates the FCRA, 15 U.S.C. § 1681, *et seq.*

41. Defendant knowingly and recklessly disregarded case law and regulatory guidance and willfully violated 15 U.S.C. §§1681b(b)(2)(A) by procuring consumer report information on consumers without complying with the disclosure and authorization requirements of the statute. Defendant's violations were willful because Defendant knew it was required to use a stand-alone disclosure form prior to obtaining and using a consumer report on the Putative Class members.

42. Defendant's conduct is also willful because:

   a. Defendant is a large and sophisticated employer with access to legal advice through its own attorneys and there is no evidence it determined its own conduct was lawful;

   b. Defendant knew or had reason to know that its conduct was inconsistent with published FCRA guidance interpreting the FCRA, case law and the plain language of the statute;

   c. Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

43. Defendant acted in a deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check class members. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in promulgations of the FTC and in established case law.

44. Upon information and belief, Defendant required all applicants to complete the same standard disclosure and authorization form permitting Defendant to obtain a consumer report verifying the applicant's background and experience and containing a liability release.

## VI.   THE CLASS

45. Plaintiff brings the First and Second Causes of Action on behalf of himself and all others similarly situated as a Class Action pursuant to Rule 23(a) and 23(b)(3) of the F.R.C.P. Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of this action as a class action. Plaintiff seeks to represent a putative class composed of and defined as follows:

"all individuals for whom a consumer report was procured by Defendant for employment purposes during the period beginning five years prior to the filing of this complaint and ending on the date as determined by the Court." (the "Proposed Class")

46. Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

47. Defendant, as a matter of corporate policy, practice, and procedure, in violation of 15 U.S.C. § 1681, et seq., intentionally, knowingly, and willfully, engaged in a practice whereby Defendant uniformly, unfairly, and unlawfully instituted a policy of including a liability release in its standard application form.

48. Defendant uniformly violated the rights of the Proposed Class by violating the FCRA 15 U.S.C. § 1681 b(b)(2)(A)(i)-(ii) by including a liability release in its standard application form.

49. This class action on behalf of members of the Proposed Class meets the statutory prerequisites for the maintenance of a class action as set forth in Rule 23(a) and 23(b)(3) of the F.R.C.P.

50. **Numerosity -** The Proposed Class is so numerous that joinder of all class members is impracticable. While the precise number of members of the Proposed FCRA Class has not been determined at this time, Plaintiff is informed and believes that Defendant, during the relevant period, had applicants that numbered well over 1,000.

51. Plaintiff alleges that Defendant's records will provide information as to the number of all members of the Proposed Class.

52. **Commonality -** There are questions of law and fact common to the Proposed Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

   a. Whether Defendant required members of the Proposed Class to fill out a standard application form permitting Defendant to obtain a consumer report verifying the applicant's background and experience;

    b.  Whether Defendant's standard application form permitting Defendant to obtain a consumer report verifying the applicant's background and experience complies with 15 U.S.C. § 1681, et seq.;

    c.  Whether Defendant violated 15 U.S.C. § 1681, et seq. by including a liability release in its standard application form permitting Defendant to obtain a consumer report verifying the applicant's background and experience;

    d.  Whether Defendant violated 15 U.S.C. §1681, et seq. by procuring consumer reports without valid authorization; and

    e.  Whether Defendant's violations of 15 U.S.C. §1681, et seq. were willful.

53. **Typicality -** The claims of the named Plaintiff are typical of the claims of the members of the Proposed Class.

54. Plaintiff is a member of the Proposed Class. Plaintiff was an applicant and filled out Defendant's standard form permitting Defendant to obtain a consumer report verifying an applicant's background and experience during her application process. Plaintiff was subjected to the same unlawful practices as other members of the Proposed Class.

55. Plaintiff and other members of the Proposed Class suffered the same injuries and seek the same relief.

56. **Adequacy of Representation -** Plaintiff will fairly and adequately represent and protect the interests of the members of the Proposed Class.

57. Counsel for Plaintiff are competent and experienced in litigating large complex consumer and wage and hour class actions.

58. **Predominance and Superiority of a Class Action -** A class action is superior to other available means for fair and efficient adjudication of this controversy. Individual joinder of all members of the Proposed Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Proposed Class.

59. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

action that would preclude its maintenance as a class action.

60. Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the members of the Proposed Class to seek and obtain relief. Moreover, a class action will serve an important public interest by permitting employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

## FIRST CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

## [15 U.S.C. § 1681b(b)(2)(A)(I), *ET SEQ.*]

### (By Plaintiff and All Members of the Proposed Class Against All Defendants)

61. Plaintiff, and the other members of the Proposed Class, re-allege and incorporate by reference, as though set forth herein, the prior paragraphs of this complaint.

62. In violation of the FCRA, Defendant required all class members as a condition of employment with Defendant to sign a background authorization form with its standard application that permitted Defendant to obtain a consumer report verifying an applicant's background and experience that did not comply with 15 U.S.C. § 1681 b(b)(2)(A)(i) of the FCRA. The authorization form was not a stand-alone document and was not clear and conspicuous. Instead, among other things, the document contained a liability release.

63. Plaintiff suffered a concrete informational injury as a result of Defendant's actions because Defendant failed to provide Plaintiff with information to which he was entitled to by statute, namely a stand-alone FCRA disclosure form. Through the FCRA, Congress created a new right – the right to receive the required disclosure as set out in the FCRA – and a new injury – not receiving a stand-alone disclosure. *Thomas v. FTS USA*, 2016 WL 3653878, at *8 (E.D. Va. Jun. 30, 2016)(holding that "it was Congress' judgment, as clearly expressed in §§ 1681b(b)(2) … to afford consumers rights to information and privacy," and thus that "the rights created by

§§1681b(b)(2) are substantive rights.")

64. Pursuant to §1681b(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff before the consumer report was to be procured. By depriving Plaintiff of this information, in the form and at the time he was entitled to receive it, Defendant injured Plaintiff and the putative class members he seeks to represent.

65. Defendant violated the FCRA by among other things procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. §1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendant actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Defendant might procure a consumer report on each of them for purposes of employment. The required disclosures were not made, causing Plaintiff an injury.

66. Defendant's Failure to provide Plaintiff and the Putative Classes with a lawful disclosure created a risk of harm that Plaintiff and members of the Putative Class would be confused and distracted by the extraneous language.

67. Moreover, Defendant invaded Plaintiff's right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2).

68. The FCRA created a statutory cause of action akin to invasions of privacy and intrusions upon seclusion, harms recognized as providing the basis for lawsuits under English and American law. Defendant invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on him and viewing his private and personal information without lawful authorization. *Perry v. Cable News Network, Inc.*, No-16-13031, (11th Cir., April 27, 2017)(Violation of statutory right that has a close relationship to a harm traditionally

recognized in English or American law is a concrete harm for purposes of Art. III standing).

69.  The foregoing violations of the FCRA were, as set forth above, willful. Defendant knew that its standard application form permitting it to obtain a consumer report verifying an applicant's background and experience should not include extraneous information that is prohibited by the FCRA, and acted in deliberate disregard of its obligations and the rights of Plaintiff and all other members of the Proposed Class under 15 U.S.C. § 1681b(b)(2)(A)(i).

70.  Plaintiff and all other members of the Proposed Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 168ln(a)(l)(A).

71.  Plaintiff and all other members of the Proposed Class are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §168ln(a)(2).

72.  Plaintiff and all other members of the Proposed Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §168ln(a)(3).

## SECOND CAUSE OF ACTION

## FOR FAILURE TO OBTAIN PROPER AUTHORIZATION

## IN VIOLATION OF THE FCRA

## [15 U.S.C. § 1681 b(b)(2)(A)(ii)]

**(By Plaintiff and All Members of the Proposed Class Against All Defendants)**

73.  Plaintiff, and the other members of the Proposed Class, re-allege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

74.  Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and all other members of the Proposed Class without proper authorization. See 15 U.S.C. § 1681 b(b)(2)(A)(ii).

75.  The violations of the FCRA were willful. Defendant acted in deliberate disregard of its obligations and the rights of Plaintiff and all other members of the Proposed Class under 15 U.S.C. § 1681 b(b)(2)(A)(ii).

76.  Plaintiff and all other members of the Proposed Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant

13
COMPLAINT

to 15 U.S.C. § 168ln(a)(l)(A).

77. Plaintiff and all other members of the Proposed Class are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 168ln(a)(2).

78. Plaintiff and all other members of the Proposed Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §168ln(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the Proposed Class:

   A) That the Court certify the First and Second Causes of Action asserted by the Proposed Class as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

   B) A determination and judgment that Defendant violated 15 U.S.C. § 1681(b)(2)(A)(i) and(ii) of the FCRA and that Defendant willfully did so;

   C) Pursuant to 15 U.S.C. § 168ln(a)(l)(A), awarding statutory damages, including punitive damages as provided by the FCRA, to Plaintiff and all other members of the Proposed Class;

   D) An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

   E) Such other and further relief as the Court deems just and equitable.

DATED: February 1, 2019

**MARLIN & SALTZMAN, LLP**
**JAMES HAWKINS, APLC**

By: __s/  William A. Baird__
    Stanley D. Saltzman, Esq.
    William A. Baird, Esq.

    Attorneys for Plaintiff and the
    Proposed Class

**DEMAND FOR JURY TRIAL**

Plaintiff, for himself and the class, hereby demand a jury trial.

DATED: February 1, 2019

                              **MARLIN & SALTZMAN, LLP**
                              **JAMES HAWKINS, APLC**

                           By: s/ William A. Baird
                                Stanley D. Saltzman, Esq.
                                William A. Baird, Esq.

                                Attorneys for Plaintiff and the
                                Proposed Class